Weight, J.,
delivered the opinion of the Court.
This is an indictment for unlawfully erecting and keeping a billiard table, without having first obtained a *609 license therefor. The Circuit Judge quashed the indictment, and the State has appealed to this Court.
The Circuit Judge erred in quashing this indictment. The act of 1817, ch. 179, makes it unlawful for any clerk in this State to issue a license to erect, keep, or keep erected for use, any billiard table in this State, and if any license shall issue, declares it void. And if any person shall erect, or keep erected, any billiard table for use, in any county in the State, he is subjected to a forfeiture of $2000 00, to be recovered by action of debt, one-half to the use of the State, and the other half to him who will sue for the same.
The act of 1820, ch. 13, in addition to the penalty imposed by the act of 1817», makes this offense indictable in the Circuit Court of the county where the offense shall have been committed, and on conviction, subjects the offender to fine and imprisonment. Now it is manifest, that under this act the indictment was maintainable.
It is said the Court below proceeded upon the ground, that inasmuch as the act of 1820 forbids the keeping a billiard table “ without first having obtained a license therefor;” and the act of 1817 prohibits the license altogether, it must be implied that the Legislature meant to provide means to take out license, and having failed to provide the means of doing the act lawfully, which it did not intend absolutely to prohibit, the license cannot be required. This construction cannot be maintained. If the Legislature say that an act shall not be performed, except upon a condition precedent, which it is impossible to perform, the condition is valid and the prohibition absolute.
*610 They might say that a certain act should not be done without license, and that no license should issue, and this would prohibit the act entirely.
Reverse the judgment and remand the cause.